[Civ. No. 16992.   Second Dist., Div. Two.   Nov. 1, 1949.]

WAYNE   DOWNEY,   Respondent,   v.   BAY   CITIES   TRANSIT   COMPANY   (a   Corporation)   et   al.,   Appellants.

Bauder, Veatch & W. I. Gilbert for Appellants.

Elbert E. Hensley and P. T. Howe for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before a jury in an action to recover damages for injuries resulting from a collision between a vehicle driven by plaintiff and a bus driven by defendant Brady and owned by defendant Bay Cities Transit Company, defendants appeal.

FACTS: On October 7, 1947, plaintiff was driving his car at about 15 miles per hour in a northerly direction on Fourth Street near its intersection with Broadway in the city of Santa Monica. At the same time defendants were operating a bus at about 7 miles per hour in a southerly direction on Fourth Street and made a quick turn in an easterly direction on Broadway, striking plaintiff's automobile with resulting injuries to plaintiff. At the time the driver of defendants' bus turned east onto Broadway the driver was talking to a passenger in the bus and looking to the west.

QUESTIONS: First: *Did the trial court commit prejudicial error in adding the last paragraph to the following instruction which had been requested by plaintiff?*

"If you should find from the evidence that the traffic controlling signal device, controlling north and south traffic at the intersection of 4th and Broadway Streets, changed from 'go' to 'stop' just as either vehicle involved in this accident was entering the intersection, or when it was so close that to stop immediately would be futile, then I instruct you under such circumstances no duty was imposed upon either driver to bring their vehicle to a stop in response to such signal, but they might, still exercising due care under all of the circumstances, proceed on into the intersection in an endeavor to cross the same.

"*However, when danger is apparent to him or would be apparent to him, or would be apparent to a person of ordinary prudence in the same situation, he is not excused from exercising ordinary care to avoid a collision, even though the danger is created by one who enters or appears about to enter the intersection against a stop signal.*"

This question will not be considered for the reason that the rule is established that in the absence of a contrary showing in the record it is presumed upon appeal that an instruction was given at the request of appellant (in this case

defendants).* (*Deevy* v. *Tassi*, 21 Cal.2d 109, 124 [130 P.2d 389] ; *Buckley* v. *Shell Chemical Co.*, 32 Cal.App.2d 209, 216 [89 P.2d 453].)

In the present case examination of the record fails to disclose at whose request the last paragraph in the foregoing instruction was given. Therefore the above stated rule is applicable. It will be presumed that the instruction was given at the request of defendants.

■ Second: *Did the trial court commit prejudicial error in permitting defendant Brady to be interrogated relative to the manner in which he was driving the bus for several blocks prior to the time it entered the intersection where the accident occurred?*

An examination of the record shows that each question asked of said defendant was answered by him in a manner favorable to defendants. Therefore any error in the asking of the questions was cured since the answers were not prejudicial to defendants. (*Scragg* v. *Sallee*, 24 Cal.App. 133, 141 [140 P. 706] ; Cal. Const., art. VI, § 4½.)

■ Third: *Was it prejudicial error for the witness Fournier to testify relative to the conduct of the driver of the bus: "To me it was reckless because I had been to the doctor"?*

This testimony, though erroneous, was not prejudicial to defendants since upon motion of defendants' counsel the court struck the answer from the record and instructed the jury to disregard it.

■ Fourth: *Did plaintiff's attorney commit prejudicial error in examining defendant Brady and the witness Fournier relative to the conduct of the driver prior to the time the bus entered the intersection where the accident occurred?*

This question must be answered in the negative in view of the discussion hereinabove set forth under questions 2 and 3.

Affirmed.

Moore, P. J., concurred.

---

*At the time of the oral argument plaintiff (respondent) stated in open court that the modification of the instruction in question was made at the request of defendants (appellants), which statement was not denied by defendants.