[Civ. No. 18385. First Dist., Div. Two. July 30, 1959.]

ARTHUR VOGT et al., Appellants, v. DAN McLAUGHLIN et al., Respondents.

500

Dunne, Dunne & Phelps, R. Mitchell S. Boyd and Charles Lederer for Appellants.

Berry, Davis & Channell for Respondents.

DRAPER, J.—This action seeks damages for personal injuries allegedly sustained by plaintiff wife in an automobile accident, and for items of special damages paid by plaintiff husband for her treatment. Near the close of the trial, defendant admitted liability. Accordingly, but one form of verdict was submitted to the jury, one in favor of plaintiffs, bearing a blank to be filled in for the amount of the award to each plaintiff. The jury returned this form bearing the word "none" in each blank. Plaintiffs appeal from judgment entered upon this verdict.

The accident occurred in Lassen County. Plaintiffs and another couple were deer hunting. Mr. Vogt was driving plaintiffs' pickup truck. Mrs. Vogt and one of their guests were riding in the rear of the truck, Mrs. Vogt standing and maintaining her balance by gripping a bar. Defendant, with his brother and the brother's wife as guests, also was hunting deer. His automobile turned into the dirt road along which plaintiffs were travelling, followed plaintiffs' truck for a short time, and then struck the rear of that truck. Mrs. Vogt and the guest riding in the rear of the truck with her testified that she was thrown to the metal seat placed on a board across the bed of the truck, striking it with such force that the back of the seat was bent. She testified that she felt immediate pain in her low back. Defendant's witnesses testified that Mrs. Vogt was not thrown to the seat, but remained standing after the collision. The evidence was in conflict as to the force of the impact of the two vehicles.

Mrs. Vogt received her first medical attention two or three days after the accident. Dr. McKenney, who then treated her, was not called as a witness. There is testimony that Dr. McKenney "treated her about once a week for about four months, feeling that she had suffered a soft tissue injury to her lower back and to her neck," but there is no testimony as to his specific findings of the date or cause of any such injury. The accident occurred September 27, 1955. Following her treatment by Dr. McKenney, Mrs. Vogt was examined at the Palo Alto Clinic January 19, 1956. Later, she was examined by Dr. Klabunde in San Francisco and was hospitalized from May 18 to June 25, 1956, for treatment of neck and back

injuries. She was again hospitalized for like treatment from June 13 to July 3, 1957. Although her testimony dealt only with low back complaints, histories given by her to doctors show complaint of neck pain as well. There was evidence that she had sustained a neck injury in an automobile accident some 20 years earlier. She testified to acute swelling of hands, legs and feet following the accident here sued upon, but some medical testimony was that such results would not follow from the claimed injury. Moving pictures of plaintiff, taken some six months before trial, showed her engaged in physical activities in maintenance of the hotel operated by her husband and herself.

While appellants do not directly urge the point, an attack upon the sufficiency of the evidence to sustain the verdict is implicit in their argument. But the rule is clear that a defense verdict may be returned even where liability is admitted, if the evidence would sustain a conclusion that plaintiff's injuries were not proximately caused by the negligent event sued upon. (*Nelson* v. *Black*, 43 Cal.2d 612 [275 P.2d 473].) Here the jury was fully instructed that the only issue before it was what injury to plaintiff wife, if any had been proximately caused by the collision. In view of the conflicting testimony as to whether plaintiff fell at all as a result of the collision, and the contradictions which the jury could find between her testimony as to certain of her symptoms and the medical evidence, her testimony as to the fact of her fall could be disbelieved. The form of the verdict indicates that the jury recognized the responsibility of defendant, but concluded that his negligence had not proximately caused any injury to plaintiff.

 Appellants' principal argument is that defense counsel was guilty of misconduct, and that in view of the closeness of the case, this misconduct must be held prejudicial. In cross-examination of Mr. Vogt, defense counsel asked if he had "a reputation up in that area for being a road hog and holding people back." The court sustained the objection of appellants' attorney (not their counsel on this appeal). Plaintiffs' attorney then asked if he might "have an admonition to the jury to disregard" the question. The court answered "yes," but was interrupted by plaintiffs' counsel before a formal admonition was given. In view of the several admonitions to the jury in the course of this trial, it seems likely that the court's answer to counsel's request for an admonition may have served the purpose of a full admonition. If not, the

failure to admonish fully was due to the interruption of the court by appellants' attorney.

Respondent's counsel, on cross-examination, asked Mr. Vogt why he had not brought the action "up in your own county where this accident happened." No objection was made and no admonition requested. Mr. Vogt answered with the reasonable explanation that the venue was chosen for convenience of medical witnesses. Defense counsel also questioned appellants and one of their witnesses concerning deer hunting from a vehicle. No objection was made and no admonition asked. The answers clearly showed that appellants were not planning to shoot from the truck, but to leave it to follow any deer they might see. It is significant that appellants' counsel also sought to show that defendant was hunting illegally. We see no prejudice in these questions now assigned as misconduct. In any event, the errors could have been corrected by admonition. Since no objection or request for admonition was made at trial, the issue cannot be raised on appeal. (*State Rubbish etc. Assn.* v. *Siliznoff*, 38 Cal.2d 330, 340 [240 P.2d 282].)

In cross-examining a witness for plaintiffs, defense counsel referred to a statement claimed to have been made and signed by Mr. Vogt, saying that he had "slowed down almost to a stop" immediately before the collision. On objection, respondent's attorney asserted that he had such a statement and would establish it. The court permitted the question, but only after stating that it would be stricken if the statement were not established. In cross-examination of Mr. Vogt, defense counsel showed him the claimed statement, but Vogt denied making or signing it. Thereafter defendant admitted liability. No further mention of the statement was made, and plaintiffs never moved to strike the reference to it. The question clearly went to the issue of liability only, had no reference to injuries, and could not be prejudicial here.

Further, appellants' failure to avail themselves of the court's reservation of this issue by moving to strike is a waiver of the point.

Plaintiffs introduced evidence of possible necessity of an operation upon Mrs. Vogt's back in the future. There was some suggestion that the operation would be necessary to enable her to continue working in the operation of plaintiffs' hotel and ranch. In cross-examining Dr. Klabunde, defense counsel asked whether his view as to necessity of surgery would be altered if plaintiffs sold their ranch and hotel and

retired. In arguing an objection, defense counsel said "We're going to develop that the ranch is up for sale for $150,000." Although not requested to do so, the court promptly instructed the jury to disregard the statement. Later, in cross-examination of Mrs. Vogt, defense counsel returned to the subject of sale, although mentioning no amount. Plaintiffs assigned the question as misconduct, and the court promptly and fully instructed the jury to disregard "any statements by anyone about any money or funds or the wealth or lack of wealth of any of the parties." The detailed admonition removed the prejudicial effect of the error. (*Downey* v. *Bay Cities Transit Co.*, 94 Cal.App.2d 373 [210 P.2d 713].) The court also ruled that defendant could inquire about retirement only "as it has some connection with the necessity for an operation," but not otherwise. ■ Later in the same cross-examination of Mrs. Vogt, defendant asked "What are you asking for" the property. Far from objecting, appellants' counsel said "I have no objection to that question if we can show ability to pay on the part of the defendant." The court stated that it would sustain an objection if one were made. None was, but when the court again explained its view as to the limits of such examination, another question was asked and no answer was given to the question just quoted. Under these circumstances, it is difficult to see how this point can be raised on appeal. The remarks of defense counsel were improper. On the whole record, however, we cannot conclude that they prejudiced plaintiffs.

■ In its formal instructions, the court fully expounded the rule that statements of counsel are not evidence and are not to be considered. Further, motion for new trial specified misconduct of the adverse party as a ground. The motion was heard by the trial court and denied. The trial judge is in a better position than we to determine whether the jury was prejudicially influenced, and we must give weight to his conclusion that no such prejudice resulted. (*Tellefsen* v. *Key System Transit Lines*, 158 Cal.App.2d 243 [322 P.2d 469]; *Aydlott* v. *Key System Transit Co.*, 104 Cal.App. 621, 629 [286 P. 456].)

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.