[Civ. No. 18438.   First Dist., Div. Two.   May 23, 1960.]

PACIFIC GAS AND ELECTRIC COMPANY (a Corporation), Appellant, v. GORDON SPENCER et al., Respondents.

Richard H. Peterson, Charles T. Van Deusen, Richard A. Clark, Michael G. Harrington and Campbell, Custer, Warburton & Britton for Appellant.

Boccardo, Blum, Lull, Nuland & Teerlink and Edward J. Niland for Respondents.

DRAPER, J.—By this action in eminent domain, plaintiff took an easement 50 feet wide for a gas pipe line bisecting a ten acre plot of defendants' land.   The principal issue was whether severance damages should be awarded, and if so, their amount.   This issue turned upon the question of the highest and best use of the land.   Plaintiff's witnesses asserted that this use was for a single homesite of 10 acres, in which case no severance damage would result from the taking of the easement.   Defendants' witnesses testified that the highest and best use was for a subdivision, and that the taking of the easement through the center of the land reduced its value sub-

stantially. The jury fixed total damages at $15,718.25, of which $13,140 constituted severance damages. Plaintiff appeals.

Sufficiency of the evidence to sustain the verdict is conceded. The only error claimed is alleged misconduct of defendants' attorney. Defense counsel twice referred to offers of defendants to grant, without charge, an easement along a narrower preexisting easement running along one side of the property. On other occasions he argued that the easement should have been located along that already existing. He twice referred to plaintiff corporation as an "octopus," spoke of its wealth; argued that defendants must pay attorney's fees from their award; and sought to show that one witness for defendants had testified to a small value in a case in which the jury had given a large award. In each instance plaintiff objected promptly. Its objections were sustained. When admonition of the jury was requested, and in some instances where it was not, full and proper admonition was given. However, motions for mistrial were denied.

It is unnecessary to quote the record. We are satisfied that the action of defense counsel constituted misconduct in each of the instances asserted. The only question before us is whether they affected the award to the prejudice of plaintiff. On the written record alone, we would be inclined to view the error as prejudicial.

However, the matter was fully presented and argued to the trial judge on motion for new trial. In a detailed statement preceding his denial of the motion, that judge showed himself to be fully cognizant of the issues raised and of their gravity. He stated his view that counsel's "course of questioning and argument was a designed course to attempt to influence the jury." He expressed his view that "we had a rather stable jury"; that counsel's conduct was not "effective" but might well have had "a reverse effect" on the jury. He had heard all the testimony and had, with the jury, viewed the premises. He concluded that the misconduct had not influenced the jury, and that the jury could reasonably "have arrived at" the value expressed in the verdict.

The general rule in such situations is that the judge's conclusion ". . . should not be disturbed unless, under all the circumstances appearing, it is plainly wrong" (*Lafargue* v. *United Railroads*, 183 Cal. 720, 724 [192 P. 538]; see also *Vogt* v. *McLaughlin*, 172 Cal.App.2d 498, 504 [342 P.2d 481]; *Tellefsen* v. *Key System Transit Lines*, 158 Cal.App.2d 243, 247 [322 P.2d 409, 67 A.L.R.2d 556]). This rule seems par-

ticularly applicable in a condemnation case, where the resident judge, who has heard the evidence and seen the property, may be assumed to have weighed the local conditions which peculiarly affect land values to the same extent that the jury was entitled to do so.

There are definite bounds to his discretion. Here, however, his full and frank recognition of the problems raised by the undoubted misconduct lends weight to his detailed determination that it was not prejudicial.

Judgment affirmed.

Kaufman, P. J., and Good, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.