424 P.2d 824

**Arthur YOUNGBLOOD and Erma Youngblood, husband and wife, Appellants,**

**v.**

**Leon G. AUSTIN and Jane M. Austin, husband and wife, and Producers Livestock Marketing Association, an Arizona corporation, Appellees.**

**No. 7855.**

Supreme Court of Arizona.

In Division.

March 9, 1967.

O'Connor, Anderson, Westover, Killingsworth & Beshears, Murphy & Mirkin, John P. Otto, Phoenix, for appellants.

Snell & Wilmer, Roger W. Perry, Phoenix, for appellees.

McFARLAND, Vice Chief Justice:

Plaintiff-appellant brought an action in superior court for injuries received in an automobile accident caused by the alleged negligence of defendant-appellee. Appellant, hereinafter designated as plaintiff, was driving west on McDowell Road in Phoe-

nix, Arizona, and appellee, hereinafter designated as defendant, was proceeding north on 44th Street. Each driver claimed that the traffic light was in his favor. The jury found for defendant, and plaintiff appealed.

At the close of the trial, the court, with the approval of both parties, withdrew from the jury all issues except the question of which party faced the red light, and instructed the jury that if, at the time of entering the intersection, plaintiff was facing a red light, the verdict should be for defendant; that if defendant was facing the red light, the verdict should be for plaintiff; and that if the jury was unable to determine which driver was facing the red light, the verdict should be for defendant. No issue as to the propriety of this instruction was raised by either party, so it is not an issue in the case.

Plaintiff assigns only two errors: The first was that the court erred in refusing plaintiff's instruction that "The law presumes the results of a blood alcohol test, which is performed at the instance of the law enforcement agencies, is valid and accurate until evidence to the contrary is shown." Plaintiff's argument in favor of the instruction may be summarized as follows:

A. A public official, acting in his official capacity, is presumed to have properly performed his duty; therefore, the test result is prima facie accurate.

B. Had the instruction been given, the jury might well have found that defendant drank four or five drinks instead of the one drink which he admitted taking.

C. If so, this would have impaired defendant's credibility in the eyes of the jury so that it might have disbelieved his statement that the light was green for him, and it might have found that his reactions had been impaired by the liquor.

Plaintiff cites four cases in support of her position. She relies heavily upon Smith v. Mott, 100 So.2d 173 (Fla.1958);

however, the issues in the Mott case were altogether different than those in the instant case. A county medical examiner had examined the decedent's body, had taken a blood sample, and had sent it to the state board of health for analysis. The result of the analysis was sent to the state medical examiner where it became part of his official records. The question was whether the result of the analysis was admissible in evidence as a public record, and did not involve the giving of an instruction to the jury that there was a presumption of its validity and accuracy.

In the case of Smith v. Washburn & Condon, 38 Ariz. 149, 297 P. 879, cited by plaintiff, there was no instruction to a jury involved. The question was whether the court should vacate and set aside a judgment which had been based upon a compromise made by an attorney. The court held only that an attorney, under express authority, may compromise any matter, and such compromise is binding on his client— that he was presumed to have performed his duty. Nor was an instruction in regard to presumption involved in Altman v. Pace, 49 Ariz. 231, 65 P.2d 1164, or in Consolidated Motors v. Skousen, 56 Ariz. 481, 109 P.2d 41, 132 A.L.R. 1040. In Altman the court merely held that where the law requires that it is necessary The Industrial Commission consider all the evidence upon which an award is based:

"* * * [T]hat at least either a majority of the commission be present at the hearing of the testimony; that they have it transcribed and read it; or that they have it read to them by the stenographer who took the original notes. The presumption is that public officers do their duty, and, unless there is some showing in the record that these requisites were not complied with, we must assume that the rule laid down by us in King v. Alabam's Freight Co., [38 Ariz. 205, 298 P. 634,] supra, was followed. * * *" 49 Ariz. at 235, 65 P.2d at 1165.

■ The Consolidated Motors case involved the pre-requisite of a valid tax sale. The court held that:

"* * * It is the general and almost universally accepted rule that where a public officer is required as a condition precedent to the performance of an official act to do a certain thing, the presumption is that he has done it. 22 C.J. 131 and cases cited." 56 Ariz. at 486, 109 P.2d at 43.

None of these cases cited by plaintiff hold that a court should instruct a jury that the law presumes a test taken at the instance of a law-enforcement agent is valid and accurate until evidence to the contrary is shown. The question in the instant case was not the admissibility of the evidence of a test as in the Mott case, supra, but the weight that should be given the results of a drunkometer test, which was admitted in evidence. The jury, and not the court, is the judge of the weight which should be given such expert testimony. Middleton v. Green, 35 Ariz. 205, 276 P. 322; Gerberg v. Crosby, 52 Wash.2d 792, 329 P.2d 184; Burke v. Thomas (Okl.) 313 P.2d 1082; Greitz v. Sivachenko, 143 Cal.App.2d 146, 299 P.2d 374. Since the weight of the evidence in the instant case is a question for the jury, we hold that the instruction in regard to the presumption of the result of a drunkometer test taken at the instance of a law-enforcement agency being valid and accurate was properly refused.

The second error assigned by plaintiff is that the court erred in permitting defendant to cross-examine the witness, Dr. Condon, called by plaintiff as an expert on forensic medicine; that the court should have sustained plaintiff's objection to the following question of defendant's attorney:

"you know enough about the drunkometer to tell me, sir, some of the areas where error can creep in, in the making of such a test?"

The objection was that since defendant did not cross-examine the technician who gave the drunkometer test, defendant is precluded from going into that matter "at this time, by somebody that did not participate in the making of that test."

The drunkometer test was administered by the witness William Bitsen, an employee of Stahlberg Laboratories, who testified that defendant's blood contained .091 per cent alcohol by volume. He was not cross-examined. Plaintiff then called Dr. Condon, who showed on a blackboard how to convert the percentage of alcohol into a figure indicating the number of ounces of whiskey imbibed by defendant prior to the accident. He arrived at a figure of 4.7 ounces. From this, plaintiff argues that defendant must have consumed four or five drinks, as the usual mixed drink at a public bar contains about one ounce of spirits. On cross-examination, the witness stated that a blood test was more reliable than a drunkometer which tests the alcohol in the lungs, as opposed to the alcohol in the blood. He was then asked to tell "some of the areas where error can creep in," and plaintiff objected on the ground that since defendant did not cross-examine the witness Bitsen he could not cross-examine Dr. Condon on the question of the possibility of error.

After the objection was overruled, Dr. Condon mentioned two areas subject to error—neither of which had anything to do with the technical ability or accuracy of the operator of the drunkometer. One was the fact that if the person being tested belched, or in some manner increased the amount of liquor in his mouth, the test would show a result higher than the correct figure. The other was the fact that in using the drunkometer, certain assumptions have to be made which are based on theoretical considerations that are not entirely iron clad. One such assumption is the ratio of alcohol in the breath to the alcohol in the blood. At one time this was thought to be 1:3600. Presently the figure in use is 1:2100. It is obvious that experts have changed their thinking on this ratio.

We note, also, that Bitsen testified that the percentage of alcohol in defendant's blood was ".091 *by volume.*" (Italics ours.)

Dr. Condon took that figure to refer to weight instead of volume, saying: ".091 means .19 grams per 100 mm of blood." The possibility of an error here could make the whole examination and interpretation meaningless. In addition, the interpretation of the test is based upon a normal body temperature (People v. Kovacik, 205 Misc. 275, 128 N.Y.S. 492), and there is no evidence that defendant's body temperature was taken at the time of the test, or what effect an abnormal temperature might have on the result.

■ While defendant did not question the testimony of Bitsen to the effect that his test showed defendant's blood contained .091 by volume, his cross-examination was in regard to the accuracy of a drunkometer test generally, and the cross-examination showed the possibility of a variance in the actual amount of alcohol in the blood. Certainly he would be permitted to show that the testimony did not conclusively show that defendant had between four and five drinks of alcoholic beverage. A party is allowed great latitude in the cross-examination of an expert witness.

In Middleton v. Green, 35 Ariz. 205, 276 P. 322, we said:

"* * * [T]he rule is that the cross-examination of an expert, who is a witness of superior knowledge of the subject about which he testifies, should be liberalized rather than restricted * *" 35 Ariz. at 213, 276 P. at 325.

In Brazee v. Morris, 65 Ariz. 291, 179 P.2d 442, we held:

"* * * [W]ide latitude is permitted in the cross-examination of a witness, and the courts are particularly liberal in allowing full and complete examination of an expert witness, * * *." 65 Ariz. at 295, 179 P.2d at 444.

■ Lastly, plaintiff complains that the failure to give the instruction as to the presumptive effect of the testimony of the technician, was exploited by counsel for defendant who was able to argue to the jury: "* * * now of course the man who did the work and who made the computations could be wrong, give you a wrong result, and you saw Doctor Condon." However, no objection was made by plaintiff's counsel to this argument. The cross-examination was proper, and counsel for defendant could therefore comment upon the possibilities of error in a drunkometer test.

We hold the court did not err in overruling objections to the cross-examination of Dr. Condon.

Judgment affirmed.

STRUCKMEYER and LOCKWOOD, JJ., concur.