472 P.2d 85

STATE of Arizona ex rel. Justin HERMAN,
Director, Arizona Highway Department,
Appellant,

v.

Estrella SALDAMANDO, a single woman,
Appellee.

No. 2 CA–CIV 823.

Court of Appeals of Arizona,
Division 2.

June 30, 1970.

Rehearing Denied July 24, 1970.

Review Denied Sept. 29, 1970.

Gary K. Nelson, Atty. Gen., Phoenix, by J. Mercer Johnson, Special Counsel, Tucson, for appellant.

Dunseath & Stubbs, P. C., by Robert C. Stubbs, and James C. Stephens, Tucson, for appellee.

KRUCKER, Judge.

The State appeals from a judgment in favor of a Santa Cruz County property owner in eminent domain proceedings instituted by the State. The sole question presented is whether the trial court erred in refusing to allow the State to cross examine the property owner's expert witness concerning her expulsion from the American Institute of Real Estate Appraisers.

On direct examination, the witness testified about her educational background and experience in the appraisal field. On cross examination, she testified that six of the eight courses in appraisal she had taken were conducted by the American Institute of Real Estate Appraisers. Counsel for the State then asked whether she was a member of the A.I.R.A., to which she responded, "Not any more. Not since I resigned." Counsel thereupon propounded a question as to whether she had not in fact been expelled from the Institute. The question was objected to and the court conduct-

ed a hearing out of the presence of the jury. The State offered to prove that the witness had been expelled from the American Institute and contended that this line of cross examination was permissible for the reason " * * * that the court in its instructions always instructs the jury that they are the judges of the credibility of the witnesses." Counsel argued to the court:

"I think the jury is entitled to know she was a member and for some reason, regardless of what it is, she was expelled from that organization and is no longer a member. They are entitled to take that into consideration in judging the credibility of her testimony in this case, whether they would give it the same credence they would give to a person who is an M.A.I. in good standing."

The trial court, however, refused to allow questioning concerning the alleged expulsion for the reason that the condemnation proceedings would degenerate into a trial of an extraneous issue, i. e., whether or not the expert witness was justifiably or unjustifiably expelled from the organization in question.

■ The State argues that in this jurisdiction we permit great latitude in the cross examination of an expert witness. We agree. *See,* Youngblood v. Austin, 102 Ariz. 74, 424 P.2d 824 (1967); Brazee v. Morris, 65 Ariz. 291, 179 P.2d 442 (1947); Middleton v. Green, 35 Ariz. 205, 276 P. 322 (1929); City of Tucson v. LaForge, 8 Ariz.App. 413, 446 P.2d 692 (1968). As pointed out by one treatise writer:

"The scope of cross-examination of experts and other witnesses who have testified to value in land damage cases is very broad, since cross-examination is often the only protection of the opposing parties against the unwarranted estimates that a certain class of mercenary experts is wont to indulge in." 5 Nichols' The Law of Eminent Domain, 3d Ed. § 18.45 [2].

■ We believe that the trial court properly rejected the State's offer of proof, a matter entrusted to its discretion. We

agree that when an expert offers his opinion he exposes himself to a different type of inquiry on cross examination than would be permitted of the ordinary factual witness. He invites investigation into the extent of his knowledge and the reasons for his opinion, including facts upon which it is based and which he considered; he may be subjected to the most rigid cross examination concerning his qualifications and the sources of his opinion. However, whether or not this witness was a member of the American Institute of Appraisers had no bearing on her competency. Tank v. Commissioner of Internal Revenue, 270 F.2d 477 (6th Cir.1959); Springfield v. Housing Authority of City of Little Rock, 227 Ark. 1023, 304 S.W.2d 938 (1957); Alvarez v. Mauney, Fla.App., 175 So.2d 57 (1965); Waukegan Park District v. First National Bank of Lake Forest, 22 Ill.2d 238, 174 N.E. 2d 824 (1961). As stated in *Tank,* supra:

"It is common knowledge that a person does not become a more accomplished violinist through the process of merely joining the Musicians' Union, that a trial lawyer does not become more adroit as a trial lawyer when he pays the initiation fee to the local Bar Association. The appraiser's capability is not, in our opinion, enhanced by virtue of memberships he holds in appraisal organizations. The absence of certificates, memberships, and the like, on the other hand, does not in and of itself detract from competency which otherwise exists." 270 F.2d at 486.

■ Nor do we believe that the attempted cross examination as to membership in the Institute was appropriate to test the credibility of the appraiser since she had made no claim to membership. Tellefsen v. Key System Transit Lines, 158 Cal.App. 2d 243, 322 P.2d 469 (1958); Sales v. Bacigalupi, 47 Cal.App.2d 82, 117 P.2d 399 (1941). In the *Tellefsen* case, a medical witness testified on direct that he was on the staff of two hospitals. On cross examination he was asked whether he had tried to get on the staff of another hospital, to which he responded, "No, not recently." The cross examiner attempted to call the

business manager of the latter hospital and offered to prove through him that the doctor had applied for such appointment and was not accepted. The trial court rejected the offer of proof and the ruling was sustained on appeal:

"Appellants now suggest that in some way the doctor's failure to gain admission to this staff reflects on his qualifications as an expert. To the extent that the offered testimony might have such effect, it would be obvious hearsay. To the extent that the testimony was competent, it was wholly collateral to any issue in the case. The cross-examination as to membership on this staff did not go to the doctor's credibility, as he had not claimed such membership on direct. At most, the cross-examination was designed to elicit an answer which could be contradicted. But one who cross-examines upon irrelevant matters solely for the purpose of eliciting something to be contradicted is bound by the answer [citations omitted]." 322 P.2d at 470–471.

In *Sales,* supra, a medical witness was asked on cross examination whether his federal license to prescribe liquors had been revoked during prohibition. He responded in the negative and the trial court rejected an attempt to introduce a certified copy of an order revoking this license. On appeal, the ruling was sustained, the court holding that the cross examiner was bound by the witness's answer, the inquiry having been directed to a collateral matter.

Since contradiction on irrelevant collateral matters is not permissible, State v. Mangrum, 98 Ariz. 279, 403 P.2d 925 (1965); Hing v. Youtsey, 10 Ariz.App. 540, 460 P.2d 646 (1969), the State was bound by the witness's answer that she had resigned from the organization. The trial court therefore properly foreclosed inquiry into the question of expulsion therefrom.

Judgment affirmed.

HATHAWAY, J., and JAMES DUKE CAMERON, Judge, Court of Appeals, concur.

Note: Judge LAWRENCE HOWARD' having requested that he be relieved from consideration of this matter, Judge JAMES DUKE CAMERON was called to sit in his stead and participate in the determination of this decision.