Wheeler, J.
It admits of a question whether the first interrogatory propounded by the defendant, taken with his plea, was so framed as to enable him to require an answer. The plea is expressed in the most general terms. It apprises the plaintiff of no fact on which the defendant proposes to rest his defense of a failure of consideration, and (ho interrogatory annexed does not call upon the plaintiff to answer to any special matter of fact, but asks him generally if the note sued on was not obtained “without auy consideration and by fraudulent misrepresentations.” In this interrogatory the plaintiff is not asked in what the pretended consideration of the note consisted, or by means of what particular representations he obtained it. To interrogate a parly as to whether he has not made “fraudulent misrepresentations,” without indicating as to what matter of fact or in what respect it is proposed to show falsehood is, to say the least, extremely vague. The inquiry as to whether there was “any” consideration might perhaps be sufficiently definite if it was intended to prove that nothing whatever passed between the parties as a consideration. But that this was not proposed is apparent from the plea, which alleges, and the second interrogatory, which suggests, that the consideration for the note in suit was a note of anterior date, hold by the plaintiff as a demand against the estate of which the defendant was the administrator. It evidently was not intended, then, to rely on the absence of any ostensible, but of a legal consideration, and to show that although an ostensible consideration did pass, yet that it was valueless, and was therefore no consideration in law. Where, as here, the plea gives no information as to the facts intended to be relied ou as constituting the defense, it'may well be doubted whether an interrogatory thus general, indicating no fact respecting which information is sought, requires an answer.
The object of testimony, whether obtained from witnesses or extorted from the party, is to establish facts. But it may be asked, wlmt matter of fact would he established by hiking this interrogatory as confessed. Certainly not any one of the special facts in which the failure of consideration is said to *27 consist. Tlie answer of the defendant to tlie first interrogatory was not more objectionable for vagueness and uncertainty than the interrogatory to which it was an answer. It is evident that tlie answers of the defendant were not intentionally evasive, for in Ills answer to tlie second he evidently intended to give, and does give, though inartificially expressed, a full answer to the first. He expressly denies the suggestion of fraud and failure of consideration. That the answer to the first was made in response to the second interrogatory was an irregularity, but it is not perceived that it can have prejudiced the rights of tlie defendant.
To tlie second interrogatory, which related to a distinct fact, the defendant had a right to a categorical answer, admitting or denying it. (I-Iart. Dig'., arts., 736, 737.) But tlie object of the interrogatory, namely, to prove that the note annexed to tlio plea was tlie consideration for that sued on, was fully attained at the trial by tlio implied admission in the answer, and tlie express admission of tlie plaintiff’s counsel that that was the consideration of tlie note. Had the interrogatory been taken as confessed, as the defendant insisted it should be, it would have proved precisely this, and no more. How, then, can the party now complain? All he asked was accorded to him, though in a manner irregular in point of practice.
The defense relied on was, that the note, which was tlie consideration for that of the defendant, on whieli the suit was brought, not having been presented to the administrator for his approval within one year from the dale of his appointment, was barred, and did not constitute a good consideration to support tlie promise of the defendant. This defense was made tlie subject of instructions to the jury, in which tlie court, in effect, held that it was not a valid defense; and tlie correctness of this ruling is the material subject of inquiry. It is unnecessary to notice separately the several propositions embraced in the instructions.' They are to bo considered in reference to the facts of tlie case, and are material only in so far as applicable to tlie issues and evidence.
Tlie date of the appointment of the defendant as administrator was in December, 1830. At that time there was no law in force here limiting tlie time to a fixed period within which claims against estates must be presented for approval. The Louisiana law, then the rule of practice on this subject, did not require claims to be presented within one year, where, as in this case’, the time for administering the succession was extended beyond that period. Although the holder of a claim, was required to present it to tlie curator or executor before commencing an action, his omission to do so did not defeat the right of action, but ouiy prevented tlie recovery of costs, as in other cases where amicable demand was not made before bringing suit. (3 Rob. R., 264.) It ivas not until tiie act of 1840 that the provision was introduced requiring claims against estates to he presented to the executor or administrator for his approval wil liin one year. That act did not take effect until the 16th of March of that year. (Iiavt. DÍg., pp. 324, 320, seo. 16.) From that time it became the law of-procedure, as well in respect to estates then in progress of administration as to those of which the administration was subsequently opened. But the note which was the consideration for that sued on in this case, and wliieh, it was insisted, was barred, was presented to the administrator, and by him approved on tlie 2-11 li day of February, 1841, less than one year from the time when the act took effect. Consequently it was not barred at the time of its presentation. It was evidence of a subsisting legal demand against tlie estate of tlie defendant's intestate, and its transfer to the defendant, was doubtless a consideration deemed valuable in law, and sufficient to support his promise. The assignment of a negotiable right of action is a sufficient consideration to support a promise. So a promise in consideration of the assignment of an uncertain debt is valid and may be enforced. (Chit. Cont.. It.)
There does not appear to have been any fraud or deception practiced upon the defendant to induce him to purchase the demand against tlio estate of his intestate. He must have been aware of the affairs of tlie estate, and of *28 the value to him of the note. How he administered the estate does not appear, and it may have been his own fault that this demand was not paid in the due course of administration. A consciousness of this and his consequent personal liability may have induced him to purchase the demand. lie has, at least, failed to show that it was of no value to him, without any fault of his, if even that would have afforded him a defense.
We conclude that the defense relied on was not a valid defense to the action ; and are of opinion that the judgment should be affirmed.
Judgment affirmed.