No. 2854.

FRED BARNARD *v.* L. & H. BLUM ET AL.

1. POWER OF ATTORNEY—SALE.—A sale of land by an attorney acting under power "to take possession of and to grant, sell and convey the same," is not rendered invalid by a sale made in accordance with the terms of the power in other respects, but which is made in absence of actual possession being taken of the land by the attorney.
2. SAME—WARRANTY.—A deed executed by such attorney in consummation of such a sale is not invalidated by the insertion of a clause of warranty which is not authorized by the power of attorney. The warranty only would be invalid, but the deed would pass the title of the principal.
3. STATUTE CONSTRUED—DEPOSITIONS.—Construing article 2243, Revised Statutes, held that an interrogatory propounded to a party to a suit, which he refuses to answer, can only be taken as confessed, when it is relevant and pertinent to some right existing in the party who interrogates, at the time when the answer is required by the officer executing the commission.
4. PRACTICE.—In trespass to try title against a subsequent purchaser of land from a common vendor, the defendant may show that no consideration was paid for the first deed, without having first filed a sworn plea setting up that fact; the deed not being pleaded, or necessary to be pleaded is not within the rule prescribed in section 10 of article 1265, Revised Statutes.
5. EVIDENCE.—Letters or declarations of a vendor made after his conveyance of title are not admissible in disparagement of the title conveyed.

ERROR from Galveston. Tried below before the Hon. W. H. Stewart.

The venue of this suit in trespass to try title, originally brought in Chambers county to recover a league of land, was changed to Galveston county, where the cause was tried and a judgment rendered for defendants. The suit was brought by the plaintiff in error.

The claim of the plaintiff, Barnard, was as follows: Through powers of attorney from John F. and L. S. Roberts to Wharton Branch and deeds by virtue thereof from Branch to himself, John F. and L. S. Roberts being the only heirs of John S. Roberts, the grantee of the land. Defendants pleaded a denial of the possession of the land; not guilty, and specially that the plaintiff was not the owner of the land. If he had any convey-

ance therefor it was without consideration, fraudulent and void against the original grantee, his heirs and assigns and as to defendants. The grounds of the invalidity of the title being that the letters of attorney from John F. and L. S. Roberts only authorized said Branch to sell the land after he had acquired possession, and that he conveyed to Barnard without any consideration before getting possession; that the recited consideration in the deed was false and made to defraud the Robertses in violation of his power, which was thereby revoked, and that defendant subsequently acquired all the right of John F. and L. S. Roberts to the land. Defendants claimed, also, under John S. Roberts but failed to show that he had ever made a deed or other conveyance to the land, but were permitted, over the objection of plaintiff, to prove that he had made verbal declarations at different times, tending to show that he had parted with the title to the land. The power of attorney from John F. Roberts and his wife to Wharton Branch authorized Branch, among other things, "to enter upon, sue for, take possession of, and to grant, sell and convey all of our right, title and interest as heirs at law of John S. Roberts, deceased, and Harriet Roberts, deceased, his wife, late of said county and State, in and to one certain league of land, granted to said John S. Roberts by Garza Antonio Nixon, commissioner for the government of Mexico, on the twelfth day of January, 1835," etc., with full power to make all necessary and proper deeds of conveyance and to receive and receipt for the purchase money thereof and generally to do and perform every act and thing that we could do if personally present, as fully as if specially mentioned herein, hereby ratifying and confirming, all that our said attorney may lawfully do in the premises." A power of attorney from L. S. Roberts and his wife, Susan A. H., to Wharton Branch, to the same land, was in all respects of like import with the foregoing power dated, signed and properly acknowledged by the grantees on the twenty-eighth day of October, 1882. A deed from Wharton Branch, who signed as attorney in fact and agent of the heirs at law of John S. Roberts, deceased, to Fred . Barnard for the land in controversy, containing a general warranty as to the heirs, executors and administrators of the principals, but not as to the principals, dated and acknowledged the twenty-third of November, 1882.

Also another deed to the same land from John S. Roberts, Josephine M. Roberts, Lycurgus S. Roberts and Susan A. H.

Roberts, by Wharton Branch, their attorney in fact, containing no clause of warranty, dated first of .December, 1882, duly recorded March 12, 1883.

Defendant's plea attacking the validity of the deeds from Wharton Branch, attorney in fact for heirs of John S. Roberts, to Fred Barnard, was filed May 9, 1884. Defendants introduced a deed of relinquishment to the land in controversy, from John F. and Lycurgus S. Roberts, dated February 15, 1884, in considation of two hundred dollars, and proved that one hundred was paid to John F. and one hundred to Lycurgus S. Robert. Defendants also read a quit claim deed from John F. Roberts to L. & H. Blum, to fifteen hundred and seventy-four acres of the land, dated February 9, 1883, which was without any valuable consideration. The deed of February 15, 1884, recites that the land hereby granted is the same land which the grantors authorized Wharton Branch to sell by two certain powers of attorney, which it was recited had, before the execution of said deed of relinquishment been rendered null and void by the fraudulent conduct of said Branch thereunder, and which said deed formally revoked, and which was recorded on third of March, 1884.

There is much in the lengthy statement of facts on the 'question of fraud, which in view of the opinion, need not be referred to. The assignment of error is apparent from the opinion.

*Wharton Branch,* for plaintiff in error.

*Scott & Levi* and *Geo. W. Davis,* for defendants in error: The court did not err in charging the jury as stated in the sixteenth assignment of error, that if there was no consideration for Branch's deed to Barnard and if its purpose was simply to enable suit to be brought in Barnard's name they should find for defendants. (Reese v. Medlock, 27 Texas, 123; Watson v. Hopkins, Id., 641; 1 Wait's Actions and Defenses, 125, sec. 15; Id., 224, sec. 3, and cases cited; Story on Agency, secs. 62 to 68.)

The conveyance to Barnard by Branch before recovering possession of the rights of his principals, was unauthorized by the power of attorney which does not contemplate nor authorize a sale of the rights of said principals before reducing them to possession.

The conveyance by Branch to Barnard was void because made upon consideration, if any at all in fact, of a future pay-

ment of the purchase price, when the power of attorney contemplated and required a sale for cash. (Reese v. Medlock, 27 Texas, 123; Story on Agency, secs. 59, 60; Watson v. Hopkins, 27 Texas, 641; 1 Wait's Actions and Defenses, 125, sec. 15.)

Maltbie, Presiding Judge. The league of land in controversy is situated in Chambers county, and was granted by the Mexican government to John S. Roberts, who died in the year 1871, leaving as his heirs at law John F. and Lycurgus S. Roberts. The contest was between appellant Fred Barnard, who was plaintiff below, and L. & H. Blum et al. Barnard claimed, through power of attorney from John F. and Lycurgus S. Roberts, heirs of John S. Roberts, to Wharton Branch, and two deeds from Branch to himself. · Appellees claimed, at first, through John S. Roberts, and later also through deeds from John F. and Lycurgus S. Roberts to L. & H. Blum, made during the pendency of the suit, and after the deeds to Barnard had been recorded. A number of questions are presented in reference to the admissibility of the verbal declarations of John S. Roberts, tending to show that he had sold the land; and also evidence tending to show that Branch had notice of this, and other facts pointing in the same direction, at the time he accepted the power of attorney before mentioned—which it will not be necessary to consider, inasmuch as the district court held that there had been no legal evidence adduced that Roberts had ever conveyed the land, thereby limiting the issues as to whether the title of appellant was superior to that of appellees, as acquired from John F. and Lycurgus S. Roberts. So much of the power of attorney from the Robertses to Branch as need be considered is as follows: "Wharton Branch is hereby appointed our attorney in fact, and empowered to enter upon, sue for, take possession of, and to grant, sell and convey, all of our right, title and interest as heirs at law of John S. and Harriet Roberts, his deceased wife, in and to a league of land granted to said John S. Roberts, with full power to make all necessary and proper deeds of conveyance, and to receive and to receipt for the purchase money thereof, and generally to do and perform every act and thing that we could do if personally present."

Branch testified, that the Robertses agreed that he should have half the land for his services in hunting up the claim, the existence of which they were ignorant of, authorized him to sell it, and agreed to wait for their part of the money until it

was all settled, but restricted him from selling their interest at a less price than five hundred dollars. That he sold the land to Barnard, he paying down for his, Branch's, interest, and promising to pay five hundred dollars for the Roberts at the termination of the litigation, then contemplated with appellees. We do not think that the powers of attorney, "read in the light of the testimony of Branch," inhibited the sale of the land to Barnard on the terms stated. Neither was it necessary to the validity of the sale that the land should have been first reduced to possession. Nor would the fact that Branch attempted to insert a clause of warranty in the first deed, of itself, revoke the powers of attorney, but if the warranty was unauthorized by the powers, the warranty would be invalid, but the deed might still be effectual as a conveyance of the land. The principal question in the case arises from a charge of the court to the effect that the plaintiff F. Barnard, having declined to answer an interrogatory propounded to him by defendants, it must be taken as a confession of the facts stated in the interrogatory, and that the jury should take it as a fact proven, that the plaintiff had neither paid nor promised to pay anything for the land, that the deeds from Branch were a mere sham, and that the deed from John F. and Lycurgus S. Roberts to L. & H. Blum was superior to the plaintiffs, and to find for defendants. The interrogatory is as follows: "Is it not true, that you never paid a cent therefor (meaning the deeds), and is not the consideration thereof recited therein false?" To which on the eighteenth of August, 1883, as certified by the notary, Barnard answered: "I decline to answer this interrogatory as it is none of your business. The reason I decline to answer, is, you can not legally inquire into the consideration paid." The deed to the Blums was executed in February, 1884. Several months after the answer of Barnard to the foregoing interrogatory under the equity practice, a discovery could only be had as to such matters as were pertinent to the issue, and the party seeking the discovery was only entitled to what was necessary to maintain his own title as for deeds under which he claimed. He was not entitled to have a discovery of the title of the party from whom he sought the discovery," and it was a general rule that the bill should show such a case as rendered the discovery material to the plaintiff in the bill to support or defend his suit. (Weeks on the Law of Depositions, paragraph 19; Id., 20, sec. 3; 2 Story's Equity Jurisprudence,

secs. 1489, 1490, p. 790, 791; Story's Equity Pleading, paragraphs 317, 318.)

It is apparent that at the time that Barnard declined to answer the interrogatory it was no concern of appellees whether there was any consideration for the deed under which he was prosecuting his suit, they not having at that time obtained any conveyance of the interest of John F. and Lycurgus S. Roberts in the land, and the question as to whether the interrogatory should have been answered must be determined with reference to the title of the parties, as then existing. It is true that article 2243 of the Revised Statutes provides that "If the party interrogated refuses to answer, the officer executing the commission shall certify such refusal, and any interrogatory which the party refuses to answer, or which he answers evasively, shall be taken as confessed;" but we are of opinion that this article has reference only to the failure to answer an interrogatory pertinent and relevant at the time when an answer is required. This statute was evidently enacted to obviate the trouble and expense of filing a bill of discovery in aid of suits already pending, but subject to the same rules that bills of discovery would be in respect to the pertinency of the matters inquired about. It was the right of appellant at the time he testified, to decline to answer the interrogatory, and there was error in the charge of the court on that subject. It was also the right of appellees as subsequent purchasers of the land from John F. and Lycurgus S. Roberts to show, without having first filed a sworn plea, to that effect, that there was no consideration for the deeds executed by Branch, as the agent of the said Roberts; the deeds not being pleaded, or necessary to be pleaded, were not within the rule prescribed in section 10, of article 1265, of Revised Statutes. The letters from Wharton Branch to John F. and Lycurgus Roberts being subsequent to the conveyance of the land by Branch to the plaintiff were not admissible in evidence in disparagement of his title.

On account of the errors indicated we think the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered January 31, 1888.