Charlie ROBINSON, Appellant,

v.

HOWARD COUNTY, Appellee.

No. 3214.

Court of Civil Appeals of Texas.

Eastland.

Jan. 20, 1956.

Rehearing Denied Feb. 17, 1956.

Ralph W. Kinsey, Lamesa, for appellant.

Harvey C. Hooser, Jr., Big Spring, for appellee.

LONG, Justice.

This is a condemnation suit to determine the value of approximately nine acres of land belonging to Charlie Robinson which was taken for highway purposes. The only issue was the value of the land. Judgment, based upon a jury verdict, was rendered in favor of Robinson for $250 per acre. Robinson has appealed.

Appellant seeks a reversal upon one point of error. He contends the trial court erred in excluding the testimony of the witness Oscar Cagle as to the value of the land. Appellee contended in the trial court, and contends here, that the witness was not shown to be qualified to give such testimony. Assuming, without deciding, that the evidence was admissible, we believe reversible error is not shown.

The case is before us without a complete statement of facts. It contains only the testimony of the witness Oscar Cagle and of one of the commissioners of Howard County. Cagle attempted to testify as to the value of the land. His testimony was excluded. The commissioner testified as to when the highway was constructed. The other testimony was not included. Thus, it will be seen that we do not know whether the excluded evidence was cumulative of other evidence which was admitted.

It is incumbent upon appellant to show that the exclusion of the evidence was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Texas Rules of Civil Procedure, rule 434. He had the burden of showing that the exclusion of such evidence was error and probably resulted to his prejudice. In determining this question, we must consider the record as a whole. Texas Power & Light Co. v. Hering, 148 Tex. 350, 224 S.W. 2d 191.

"It has often been held by our appellate courts that generally the ruling of the lower court in admitting or rejecting evidence will not be revised when there is no statement of facts in the record. In Torrey v. Cameron, 74 Tex. [187] 189, 11 S.W. [1088] 1089, our Supreme Court said: 'It is the duty of a party who here seeks to secure a reversal of the judgment of a lower court to bring to this court a record of the proceedings sufficiently full to show clearly the error of which he complains. If he brings a record which shows the proceedings only in part, every reasonable presumption will be indulged in favor of the court's ruling, and the cause will not be reversed unless it appears that upon no possible state of the case could the ruling be upheld.' It is well settled that to justify the reversal of a judgment, in the absence of a statement of facts, on the ground that the trial court erred in excluding or admitting certain testimony offered, the appellate court should ordinarily be able to see not only that the court had erred, but that such error must with reasonable certainty have produced a substantial injury to the party complaining." Daniel v. Daniel, 128 S.W. 469, 472, Writ Ref. See also McCarty v. Wood, 42 Tex. 38, 39.

The judgment is affirmed.