Winter GORDON, Appellant,

v.

AETNA CASUALTY & SURETY COMPANY, Appellee.

No. 3669.

Court of Civil Appeals of Texas.

Eastland.

Nov. 24, 1961.

Rehearing Denied Dec. 8, 1961.

Heflin, Kirk, Van Keuren & Baggett, Houston, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, for appellee.

GRISSOM, Chief Justice.

This is a workmen's compensation case. Winter Gordon sued Aetna Casualty & Surety Company to recover for total and permanent disability caused by an injury on October 23, 1957, while Gordon was working for W. G. Smith Company. A jury found that on said date, while working for said company, claimant suffered an injury which caused total incapacity for seven weeks. It also found that said seven weeks incapacity began on October 24, 1957. Claimant has appealed.

Appellant contends the judgment should be reversed because the court refused to admit myelographic films and the testimony of Dr. Brown that in his opinion Gordon had a herniated disc and that the films showed it. The statement of facts filed contains only the testimony of Dr. Brown. The defendant agreed only that said statement of facts was a correct statement of said doctor's testimony. Defendant expressly stated in the agreement that it did not consent to the filing of same as a partial statement of facts. Said statement of facts shows that Dr. Brown performed a myelogram on appellant and made the films on January 28, 1961. In addition to the jury findings mentioned, that is, that Gordon sustained the injury which is the basis for this suit on October 23, 1957, and that as a result he was incapacitated for seven weeks beginning on October 24, 1957, the jury found that any incapacity plaintiff had at the time of the trial, in 1961, was caused solely by an injury he suffered on September 30, 1958, while he was working for a different employer.

Appellee says, and we think correctly, that appellant did not comply with Texas Rule of Civil Procedure 377. When a reversal is sought because of the exclu-

**604**

sion of evidence, it is the duty of an appellant to bring up a statement of facts which contains all the evidence material to the point urged as error. This could have been done in the various ways premitted by R.C.P. 377. None of the methods provided for has been followed by appellant.

 Appellant says the proffered testimony should have been admitted in rebuttal to the testimony of defendant's medical witnesses and as confirmatory proof of other evidence presented by him. The record does not show that there was other evidence which the proffered testimony could rebut or confirm. The record does not show that the excluded evidence was not merely cumulative. It is not shown that the rejected testimony was material or that it probably would have changed the results. This court cannot know that evidence of a condition existing in 1961 is material to an effort to show incapacity resulting from an accident in 1957. This is emphasized by the jury finding that any incapacity appellant had at the time of the trial, in 1961, was caused solely by an accident which happened on September 30, 1958, while appellant was working for a different employer.

To obtain a reversal of the judgment, appellant had the burden to show that rejection of the proffered testimony was error and that it was reasonably calculated to cause and probably did cause rendition of an improper judgment. Texas R.C.P. 434. In applying said rule we are required to examine the record as a whole. Southwestern Greyhound Lines v. Dickson, 149 Tex. 599, 236 S.W.2d 115, 120. See, also, Stovall v. Scofield, Tex.Civ.App., 325 S. W.2d 221; Maddox v. Gulf, Colorado & Santa Fe Ry. Co., Tex.Civ.App., 293 S.W. 2d 499 (Ref. N.R.E.); Baker v. Rutherford, Tex.Civ.App., 293 S.W.2d 669 (Ref. N.R.E.). We are required to indulge every reasonable presumption consistent with the record in favor of the correctness of the judgment. McElyea v. Parker, 125 Tex.

225, 81 S.W.2d 649, 653. To illustrate: the evidence may have been conclusive to the effect that if appellant had a ruptured disc at the time of the trial, in 1961, that it was caused by the 1958 accident and not by the one suffered in 1957.

We are required to treat this as an appeal without a statement of facts. Dyche v. Simmons, Tex.Civ.App., 264 S.W.2d 208 (Ref. N.R.E.). Application of the rules stated by this court in Robinson v. Howard County, Tex.Civ.App., 287 S.W.2d 234 (Ref. N.R.E.), requires an affirmance of the judgment. It is so ordered.