James M. WRENN, Appellant,

v.

Stanley I. PILGRIM, Appellee.

No. 7432.

Court of Civil Appeals of Texas.

Texarkana.

Aug. 21, 1962.

Rehearing Denied Sept. 18, 1962.

T. D. Wells, Paris, for appellant.

Moore & Lipscomb, Paris, for appellee.

CHADICK, Chief Justice.

This is a venue case. The trial court judgment overruling a plea of privilege is affirmed.

Appellee Stanley I. Pilgrim, as plaintiff, brought suit against appellant James M. Wrenn, as defendant, in a district court of Lamar County, to collect a balance due on the purchase price of an airplane, and to foreclose a mortgage lien securing the indebtedness. Pilgrim's original petition alleged Wrenn was a resident of Navarro County, and that a part of the mortgaged property, the airplane, was in Wrenn's possession in that county, and the other part of the mortgaged property, a hangar, was situated in Lamar County.

Wrenn filed a timely plea of privilege and answer subordinate thereto; Pilgrim controverted Wrenn's plea and claimed venue in Lamar County, by virtue of Sub-division 10, Article 1995. A hearing of the venue issue began and on July 21, 1961, was recessed until September 13, 1961. The recess order granted Wrenn leave to file an amended plea of privilege and Pilgrim leave to file an amended petition.

On August 18, 1961, Wrenn filed an amended plea of privilege. Pilgrim thereupon filed his first amended controverting plea on September 6 and therein asserted Lamar County venue under the provision of Sub-division 12, Article 1995. The date for resumption of the recessed hearing, September 13, was reached and presumably the recess was extended by agreement. No mention is made of it in the record. Thereafter, a second amended controverting plea was filed by Pilgrim, after having obtained leave of the court, on September 27, 1961.

This pleading claimed venue for Lamar County, under Sub-division 12, Article 1995, and also alleged that Wrenn was a resident of Lamar County, and that such fact conferred venue on the court of such county under the general venue statutes.

Pilgrim followed this pleading by filing, on November 9, 1961, a request for admissions from Wrenn. In answering the admissions request on the 27th day of that month, Wrenn stated that he then resided in Lamar County and had so resided since the 27th day of July, 1961. Next, on November 28, Pilgrim filed an amended petition containing allegations in language, if not identical, at least substantially the same as that of the allegations in his original petition, with the exception that the instrument plead the amended petition was in lieu of the original petition, and the residence of the defendant and the location of the airplane was Lamar County. Regular citation issued and the amended petition was served upon Wrenn December 4, 1961, by a deputy sheriff of Lamar County. The citation bore the same number and style as the case then pending between the parties. The amended petition was followed on December 27, 1961, by Pilgrim's third amended controverting plea, wherein Pilgrim adopted his first amended original petition, and again claimed the venue privilege afforded by Sub-division 12, Article 1995 and alleged that at the date of the filing of the amended original petition and at the date of service thereof, Wrenn resided in Lamar County, Texas.

After hearing the trial judge overruled Wrenn's plea of privilege on December 29, 1961, and an appeal from such ruling has been perfected. The following three points of error have been briefed. "FIRST POINT: The trial court erred in overruling the appellant's plea of privilege for the reason that the appellee did not prove that the appellant resided in Lamar County, Texas, on the date he filed his original petition herein, nor at the time appellant was served with citation herein, nor at the time appellant filed his original plea of privilege

herein, appellee not proving an exception to the exclusive venue in the county of one's residence existed under Article 1995, Sub-division 12, V.A.T.S. SECOND POINT: The trial court erred in holding that the residence of the defendant-appellant at the time of the filing of the suit does not control venue. THIRD POINT: The trial court erred in overruling appellant's objection to appellee's introducing in evidence of the citation issued on and to plaintiff's appellee's First Amended Original Petition which abandoned appellee's controverting plea". The second and third points of error will be discussed in reversed order.

In support of point number three, Wrenn argues that Pilgrim's amended petition was filed without leave and constituted an abandonment of Pilgrim's original cause of action. The first amended original petition reiterated the identical cause of action plead in the original petition, that is, an action for debt and to foreclose a lien. Alleging therein a change in the residence of the defendant and situs of the mortgaged property did not change, add to or effect the gist of the cause of action originally plead. City of Wichita Falls v. Lipscomb, Tex.Civ.App., 50 S.W.2d 867, w. r. The foregoing recitation of the order and time in which various pleadings were filed shows that the first amended original petition was filed more than 30 days prior to the date the hearing was held. Disregarding the recitation that leave to amend was granted Pilgrim in the order of July 21, Pilgrim was authorized by Rule 63 Vernon's Ann.Tex. Rules to file an amended petition without leave of the court at any time prior to the seventh day before the hearing date, provided filing did not operate to surprise his advisary. Contention was not made in the trial court, nor here that filing the amended petition constituted surprise. Appellant's point of error No. 3 must be overruled.

Wrenn's brief presents no point of error regarding the filing of Pilgrim's third amended controverting plea. However, he

treats it as a nullity in arguing point of error No. 3 on the basis that it was filed within two days of the hearing date without leave of the court having first been obtained. The only transaction in the hearing which might be construed as objection to Pilgrim filing this third amended controverting plea was as follows:

"MR. MOORE: The plaintiff offers in evidence CITATION issued by the Clerk of the District Court of Lamar County, Texas on the 29th day of November, 1961, to which was attached the First Amended Original Petition and the return thereon showing service on James M. Wrenn of Lamar County, Texas by the Sheriff Lonnie Player through his deputy on December the 4th, 1961.

"MR. WELLS: To which we object, Your Honor. We announced we were not waiving any rights we had and we were not before the Court on that amended petition. That amended petition completely abandoned his controverting plea. He completely abandoned his controverting plea. His controverting plea was not amended for twenty-nine days and we received yesterday a copy of his motion, his purported third amended controverting plea, but we are not before the Court on this and have not agreed to go to trial on that. We are here on our original motion and plea of privilege and amendments we filed to our original plea of privilege.

"THE COURT: Overruled; to which the defendant excepted".

From the foregoing quote it may be seen no objection was made to the filing of the instrument, no claim of surprise asserted; and a continuance was not requested. Under the circumstances of this record, error in the filing of the third amended controverting plea is waived. City of Wichita Falls v. Lipscomb, Tex.Civ.App., 50 S.W. 2d 867, w. r., 2 McDonald Texas Civil Practice, Section 806, Page 734.

 Pilgrim did not abandon his original cause of action or the contest of Wrenn's plea of privilege when he filed his first amended original petition as it is permissible to amend to set up facts arising after the original pleadings are filed. Phipps v. Reed, Tex.Civ.App., 219 S.W.2d 561, n. r. e. The second point of error must be overruled because venue is controlled by the facts plead and proved at the time the plea of privilege is heard. Phipps v. Reed, supra; Avery v. Llano Cotton Seed Oil Mill Ass'n, Tex.Civ.App., 196 S.W. 351 w/r; 1 McDonald Texas Civil Practice, Sec. 406, P. 330.

The conclusion expressed makes a discussion of appellant's first point unnecessary. Each point of error is overruled and the judgment of the trial court is affirmed.