**Julia Beatrice GOMEZ, Marco Antonio Gomez, and Karla Gomez, Appellants,**

v.

**Mary Ann KESTERMEIER, Appellee.**

**No. 11–95–017–CV.**

Court of Appeals of Texas, Eastland.

May 23, 1996.

Rehearing Overruled June 27, 1996.

Donald M. Hunt, Gary M. Bellair, Carr, Fouts, Hunt, Craig, Terrill, & Wolfe, LLP, Lubbock, for appellants.

Robert D. Miller, Big Spring, for appellee.

Before ARNOT, C.J., and WRIGHT and HILL,[1] JJ.

## OPINION

JOHN HILL, Justice (Assigned).

Julia Beatrice Gomez, Marco Antonio Gomez, and Karla Gomez appeal from a judgment of the trial court in favor of Mary Ann Kestermeier, appellee. Kestermeier sought to declare as void two deeds from appellants' parents, David G. Gomez, Sr. and Frances Gomez, in which their parents attempted to convey certain real property to their children. Kestermeier also sought to return the tracts of land to David and Frances and to foreclose a judgment lien that Kestermeier had obtained against David after she contracted food poisoning in David's restaurant. She obtained a default judgment against David after David and Frances had conveyed the two tracts in question to appellants.

The jury found that David, but not Frances, conveyed two of the tracts with the intent to defraud Kestermeier; and the trial court rendered judgment for Kestermeier declaring as void the deeds to the two tracts, restoring the legal ownership of the tracts to David and Frances, and foreclosing the judgment lien against David on both tracts. We reverse and render in part and affirm in part.

Appellants contend in Point of Error No. 1 that the district court erred in rendering judgment depriving them of the interest conveyed to them by Frances and in foreclosing that interest because Frances was not a debtor of Kestermeier and nothing was pleaded or proved against her. We agree with appellants that Kestermeier could not have the deed from Frances to the children declared void as being in fraud of her rights without pleading and obtaining a finding that Frances was her debtor and that Frances had made the conveyance to her children in fraud of Kestermeier's rights. Kestermeier contends that the record does not reflect that Frances had any ownership interest in the property and that, even if she did, the jury's finding that David's conveyance to appellants was in fraud of Kestermeier's rights is binding as to Frances's conveyance as well.

We will first consider Kestermeier's contention that appellants have failed to show that Frances had any interest in the property to convey. Having alleged in her live pleading that Frances and David were the owners of the two tracts and that, as an owner, Frances was a grantor of each tract,

1. John Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth sitting by assignment.

Kestermeier has judicially admitted these facts. *Houston First American Savings v. Musick,* 650 S.W.2d 764, 767 (Tex.1983). She cannot later challenge these facts. *Shafer v. Bedard,* 761 S.W.2d 126, 129 (Tex. App.—Dallas 1988, no writ). Consequently, Kestermeier is precluded from asserting that appellants cannot rely on the deeds from Frances on any theory that Frances had no ownership interest in the property.

We note that Kestermeier has sought to show that Frances had no interest in the two tracts by virtue of her answers to interrogatories in a divorce proceeding between Frances and David. Kestermeier has attached those answers to her brief as an appendix. They are not otherwise part of the record on appeal, and we may not base our decision upon appendixes attached to motions or briefs. *Sabine Offshore Service, Inc. v. City of Port Arthur,* 595 S.W.2d 840, 841 (Tex. 1979).

We next consider Kestermeier's contention that the jury's finding that David's conveyance of the two tracts was in fraud of her rights is binding as to Frances's conveyance by virtue of Frances's relationship with David at the time of the conveyance. In support of her contention, Kestermeier relies upon the common-law rule that a non-negligent husband could be sued for his wife's negligence without her joinder. She further relies on TEX.FAM.CODE ANN. § 5.24 (Vernon 1993) and the case of *Audish v. Clajon Gas Company,* 731 S.W.2d 665 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.), to the effect that a spouse has the power to dispose of non-homestead real estate held solely in that spouse's name and that real estate recorded solely in the name of one spouse is presumed to be subject to that spouse's sole management and control. *Audish v. Clajon Gas Company, supra* at 669.

Assuming that Frances had an ownership interest that she could convey to her children, we assume that her conveyance to them is valid unless it is pleaded and proved that her conveyance was in fraud of Kestermeier's rights. We do not consider either of the theories espoused by Kestermeier to logically support her theory that the jury's finding that David's conveyance of the property was in fraud of her rights is somehow also binding as to Frances's conveyance. We sustain Point of Error No. 1 and reverse the portion of the trial court's judgment that declares the conveyances from Frances to the appellants void and orders a foreclosure as to Frances's interest in the property.

Appellants urge in Points of Error Nos. 2 and 3 that the trial court erred by rendering judgment without the joinder of David and Frances, the grantors. Kestermeier responds that any failure to join the grantors was not jurisdictional and that it cannot be raised for the first time on appeal. Appellants raised this issue in their motion for new trial and in their motions to disregard jury findings and for judgment notwithstanding the verdict. Even though they did raise the issue at trial, appellants did not preserve the issue for review because their complaint of the non-joinder was not timely and because they made no effort themselves to join David and Frances as parties. TEX.R.CIV.P. 37; see *Malloy v. Newman,* 649 S.W.2d 155, 158 (Tex.App.—Austin 1983, no writ); *Puryear v. Red River Authority of Texas,* 383 S.W.2d 818, 821 (Tex.Civ.App.—Amarillo 1964, writ ref'd n.r.e.).

■ The failure to join parties, even those necessary and indispensable, is not jurisdictional. See TEX.R.CIV.P. 93(4); *Pirtle v. Gregory,* 629 S.W.2d 919 (Tex.1982); *Exploracion De La Estrella Soloataria Incorporacion v. Birdwell,* 858 S.W.2d 549 (Tex.App.—Eastland 1993, no writ). We overrule Points of Error Nos. 2 and 3.

■ Appellants insist in Point of Error No. 4 that the trial court erred by excluding evidence to show that David intended to defend the tort suit but that he was prevented from doing so by his hospitalization. Appellants have the burden of showing that the exclusion of such evidence was error and that it probably resulted in prejudice to them. *Robinson v. Howard County,* 287 S.W.2d 234, 235 (Tex.Civ.App.—Eastland 1956, writ ref'd n.r.e.). We must determine that question by considering the record as a whole. *Robinson v. Howard County, supra.*

In looking at the entire record, we note that Kestermeier made no particular point

that the allowance of a default judgment subsequent to the conveyances in question constituted evidence that the conveyances were in fraud of her rights. On the other hand, appellants were allowed to argue to the jury, over objection, that David was in the hospital at the time the judgment was taken. Considering the record as a whole, we hold that, if the trial court erred by excluding this evidence, it was not such an error as was reasonably calculated to cause or that probably did cause an improper judgment in this case. TEX.R.APP.P. 81b(1). We overrule Point of Error No. 4.

We reverse the judgment of the trial court insofar as it declares that the conveyances from Frances Gomez to the appellants were void and insofar as it orders foreclosure of the judgment lien as to Frances's interest in the property. We render judgment that the conveyances from Frances Gomez to the appellants were valid. We affirm the judgment of the trial court insofar as it declares that the conveyances from David Gomez to the appellants were void and insofar as it orders foreclosure of the judgment lien as to his interest in the property.