[Civ. No. 16784. First Dist., Div. Two. July 16, 1956.]

ALEXANDER L. GREITZ, Respondent, v. DMITRI Y. SIVACHENKO, Appellant.

*Assigned by Chairman of Judicial Council.

Horace S. King for Appellant.

Alexander Riaboff for Respondent.

KAUFMAN, J.—This is an appeal from a judgment in favor of plaintiff in an action for personal injuries sustained by plaintiff while employed by defendant, the appellant herein. The jury rendered a verdict for damages in the sum of $9,500. Thereafter the court made an alternative order granting a new trial for insufficiency of the evidence to sustain the verdict unless plaintiff filed his consent to remission of said verdict in excess of $7,500. This consent was filed on March 14, 1955.

Respondent Alexander Greitz, a carpenter and painter, was employed by appellant Dmitri Sivachenko, to do certain repair work on an apartment building owned by appellant. He was engaged in repairing the back stairway between the second and third floors, when the stairs collapsed under the weight of a woman, Mrs. Meyer, the apartment house manager, who was attempting to ascend the third flight of stairs. Respondent sustained injuries to his back and ribs when the stairs fell upon him. Respondent helped her up. He then boarded up the gap in the stairs and went to see Mrs. Meyer. Both Mrs. Meyer and respondent had scratches and bruises, but did not immediately feel that they had been seriously injured. Later, it was discovered that each of them had two broken ribs.

Respondent was seen by his family doctor on the day of the accident who bandaged him and gave him some medicine. He stayed in bed for several days because of the pain in his chest and on October 5, 1953, was taken to St. Joseph's Hospital where he was X-rayed, and it was learned that the fifth and sixth ribs were broken. Dr. Haldeman, an orthopedist, prescribed a back brace for the severe back pain which respondent was suffering. Because his condition did not improve, he was hospitalized again in November, 1954, and treated with traction. Further examination by Dr. Haldeman

in December revealed that respondent was suffering from a low back pain that was either the effect of the back strain occurring at the time of the accident, or a protrusion of the invertebral disc in the lower back. An accident such as that suffered by respondent could, according to the doctor, also have caused the gradual protrusion of the disc. This condition could be at least partially relieved by surgery. Recovery would probably not be complete in a patient of respondent's age, and if such surgery were done, it was the doctor's opinion that respondent would not be able to return to his former type of work.

The present action was brought under the provisions of section 3706 of the Labor Code. The complaint alleged that appellant had failed to secure the payment of compensation to employees by either method prescribed by section 3700, Labor Code. The Industrial Accident Commission award relating to the accident here involved was introduced in evidence as plaintiff's Exhibit Number 2. The Industrial Accident Commisison had found that respondent was an employee of appellant at the time of the accident, that respondent was injured in said accident, and that appellant was wilfully uninsured.

Although appellant's first contention on appeal is not clear, it appears that he is arguing that the evidence is insufficient to support the judgment. He attacks the medical evidence on the ground that Dr. Woeltz, the family physician, who treated respondent immediately after the accident, was not called to testify. The record shows, however, that a few days after the accident respondent entered the hospital where X-rays were taken, which were discussed by Dr. Haldeman in his testimony. This doctor also testified to the history of the injury as related to him by respondent. The medical evidence therefore is sufficient to connect respondent's injuries with the accident which he described.

Appellant's theory at the trial and on appeal was and is that there was only one accident on the stairs, that this accident happened to the witness, Mrs. Meyer, and that respondent faked his injury. Suffice it to say, that respondent's own testimony is sufficient to support a finding that he was injured in the manner testified to by him. Since Mrs. Meyer was seriously injured in the same accident, it is not surprising that she might fail to notice what was happening to respondent at the same time. The fact that she recalls

having seen him standing both before and after her accident, does not make his testimony inherently improbable.

Appellant contends that error was committed in emphasizing an instruction on damages. The jury retired from the courtroom at 2:45 p. m. on January 12, 1955, to begin their deliberations. At 2:50 p. m. they were called back to the courtroom because the trial judge had left out one instruction on damages which he had intended giving. It related to reimbursement for medical and hospital expenses in the event of a verdict for plaintiff. The trial judge before giving the instruction stated that "the fact that I give it now is not meant to emphasize anything, but it should have been in its proper place." And again after giving the instruction he admonished the jurors that "you are not to speculate because I gave it to you at this later time that you are to give the plaintiff damages just because I brought this to your attention." Clearly, there is no merit in the claim that appellant was in any way prejudiced by the giving of this omitted instruction a few minutes after the jury had retired.

It is urged that the trial court gave unmerited weight to the testimony of Dr. Haldeman. The instruction referred to by appellant is a correct instruction explaining that an opinion of an expert witness may be received in evidence, that the jury may weigh the reasons given for the opinion, that they are not bound by it, but may give it whatever weight they decide it merits. Appellant does not criticize the content of the instruction but complains that the court failed to point out to the jury that this doctor saw respondent for the first time several days after the accident occurred. This argument is concerned with the weight of the evidence and has nothing to do with the correctness of the instruction or the propriety of giving it in this case.

Appellant maintains that the trial court erred in stating "but it is presumed here that the employer was negligent and that proximately caused injury to plaintiff," placing on defendant the burden of proving that the accident did not happen. The trial court was at this point explaining to the jury the statutory presumption that obtains in this type of action. Section 3708 of the Labor Code provides that in such an action "it is presumed that the injury to the employee was a direct result and grew out of the negligence of the employer." The instruction therefore accurately stated the applicable law.

It is asserted that a subsequent instruction referring

to the above presumption was erroneous. The court stated: "Now, that may be rebutted how? By a preponderance of the evidence. That is to say, if there were no evidence offered at all except on the fact of the accident, it would be your duty to immediately bring in a verdict for the plaintiff after finding how much his damages were, but the defendant has the right of producing evidence which may controvert or overcome the presumption. He has the burden of proof." This instruction is in accord with section 3708, Labor Code, which states that "the burden of proof is upon the employer, to rebut the presumption of negligence." Appellant again argues the weight of the evidence, contending that it was for the jury to determine whether or not respondent was injured as he pretended, and that the burden of proof was upon him because he had the affirmative of the issue, citing section 1981, Code of Civil Procedure. However, the Labor Code has, in this type of case, expressly placed the burden of proof upon appellant.

Appellant complains that no instruction was given on self-inflicted injury or wilful injury to self or property. It is a sufficient answer to this contention that appellant has made no showing that such an instruction was offered and refused.

█ The court's instruction that in this type of action contributory negligence, assumption of risk, or injury caused by negligence of a fellow servant is not a defense was correct, for section 3708, Labor Code, so provides.

It is unnecessary to review the authorities cited by appellant in regard to the necessity for making findings, for this was a jury case. (See Code Civ. Proc., § 632.)

Finally, appellant cites several authorities to the effect that where the jury were given both correct and incorrect instructions, and it cannot be ascertained which instructions were followed a reversal may be ordered. He says that a reading of the instructions shows that contradictory instructions were given, but he gives no transcript references nor does he state in what respect they were conflicting. █ The burden is on appellant to point out to this court the errors upon which he relies for a reversal and this court is not bound to make an independent search of the record to determine if error may have been committed. (4 Cal.Jur.2d 309-310, § 480.) It may be said, however, that a review of the instructions herein in their entirety disclose that they were comprehensive, and clearly and accurately presented all legal

principles necessary to an intelligent and fair determination of the case by the jury.

No prejudicial error appearing in the record before us the judgment must be affirmed.

Judgment affirmed.

Nourse, P. J., and Agee, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.