[No. B156345. Second Dist., Div. Eight. Feb. 14, 2003.]

AI ZHEN HUANG, Plaintiff and Appellant, v.
L.A. HAUTE et al., Defendants and Respondents.

**COUNSEL**

Anthony F. Telleria and Alejandro Portales for Plaintiff and Appellant.

Paul, Hastings, Janofsky & Walker, Paul W. Cane, Jr., and Kenneth P. White for Defendants and Respondents.

**OPINION**

**BOLAND, J.—**

SUMMARY

Ai Zhen Huang brought this lawsuit against her former employers, Brad Hunter and L.A. Haute, for injuries she claimed occurred in the course of her employment at Hunter's residence. L.A. Haute and Hunter did not have workers' compensation insurance, and suit was brought under Labor Code section 3706, which allows an action at law for damages against an uninsured employer. In such an action, Labor Code section 3708 mandates a presumption that the injury to the employee "was a direct result and grew out of the negligence of the employer, and the burden of proof is upon the employer, to rebut the presumption of negligence."

The question presented on this appeal is whether the presumption of negligence in Labor Code section 3708 includes a presumption that the injury occurred in the course of the worker's employment. We conclude it does not. An employee seeking damages from an uninsured employer has the same burden of proof as an employee seeking workers' compensation benefits: the employee bears the burden of proving her injury was sustained in the course of her employment. Under section 3708, if an injury arising from the employment is shown, it is presumed to have resulted from the employer's negligence, and the employer is required to rebut that presumption to avoid liability. The trial court concluded Huang did not meet her burden to prove her injury arose from her employment, impliedly declining to believe Huang's testimony that she was injured during her employment, and instead crediting other evidence from which it could be inferred her story was not true. Since there was substantial evidence to support the court's conclusion, we are obliged to affirm the judgment in the employer's favor.

### FACTUAL AND PROCEDURAL BACKGROUND

Ai Zhen Huang was employed as a housekeeper, working and living at the home of Brad Hunter, but was on the payroll of L.A. Haute, a furniture manufacturing business in which Hunter was a partner. She was employed in that capacity for about two years, until she was terminated on April 15, 1999.

On August 9, 2000, Huang filed this negligence action against Hunter and L.A. Haute (collectively, the employer). She alleged that on April 14, 1999, the day before her termination, she was injured in a fall from a ladder on which she had climbed to wash the top of a high window in Hunter's home. Huang's suit was authorized under Labor Code section 3706, which permits an injured employee to sue an employer who fails to secure workers' compensation insurance.[1] Hunter filed a cross-complaint against Huang for battery, alleging Huang assaulted him when he fired her, and for negligence, asserting she hosed down new limestone floors inside his house, causing damage to the floors and walls. Both Hunter and L.A. Haute sued Huang for unlawful tenancy, alleging Huang allowed her daughter to live in Hunter's home without permission and falsely listed Hunter's home as her daughter's address in school records, and for identity fraud and unfair business practices, alleging Huang used L.A. Haute information and forged names on forms to secure a home loan after her termination.

---

[1] Section 3706 provides: "If any employer fails to secure the payment of compensation, any injured employee or his dependents may bring an action at law against such employer for damages, as if this division [workers' compensation and insurance] did not apply." (Lab. Code, § 3706.)

A bench trial was held in October 2001. According to Huang's testimony, she was between five and eight feet up the ladder at the time of the fall; she clarified that her feet were about five feet off the ground when she fell. Ordinarily she used a squeegee about three feet long when she washed the windows. She told Hunter about her fall from the ladder that same evening and told him she needed to see a doctor, but he did not offer to send her to a doctor. The next day, Hunter told Huang to damp-mop the grout from new limestone floors after the construction crew left. That evening, when the workers left around 10:00 p.m., she was in pain and could not carry a pail of water into the house to mop the floor. Instead, she brought a hose into the house to fill the pail and overfilled it, covering the floor with water. Hunter arrived home at this point and became very angry. After Huang and Hunter got the water out of the newly paved rooms around 11:30 p.m., Hunter fired Huang. He told her to leave immediately. Huang became upset and angry, and begged Hunter to let her stay the night, but he refused. Huang left that night. Shortly thereafter, Huang filed a workers' compensation claim for her injuries, and later filed this suit.[2]

Hunter testified that on April 14, 1999, Huang did not tell him she had fallen or was in pain. He stated the window Huang said she was cleaning when she was injured—which Huang also identified from photos—was a sliding glass door eight feet high. A plot plan and photograph were introduced in evidence. According to Hunter, he did not own a ladder at the time, and his current housekeeper, who is shorter than Huang, cleans the door using the squeegee and with no need for a ladder. As to the events of the following day, Hunter testified he returned home to find water flowing under the front door and running down the stairs into the street. The walls were wet, and water was a couple inches deep in certain places. He was shocked and upset, fired Huang and asked her to leave. He knew she lived with her brother on weekends and was not concerned about where she would go. Huang dragged her TV, VCR and suitcases to her car; she showed no sign of pain or injury and did not mention any injury. Huang became hysterical, and Hunter called the police, who forced Huang to leave. The water from the hose damaged the plaster walls of Hunter's home and caused wiring problems. Hunter testified he was not notified of Huang's injury until several months after her termination.[3]

---

[2]An employee of an uninsured employer may file an application for compensation with the workers' compensation appeals board, in addition to filing a civil action under section 3706. (Lab. Code, § 3715, subds. (a) & (b).)

[3]Counsel sought to impeach Hunter's testimony by introducing a copy of a letter to L.A. Haute from workers' compensation counsel Scott Warmuth dated April 17, 1999, three days after the alleged date of Huang's injury. The trial court sustained the employer's objection to admission of the letter, stating there was no evidence Hunter received it.

In addition to testimony from Huang and Hunter, Huang presented medical testimony about her injury from Dr. H. Vincent Mitzelfelt.[4] Mitzelfelt testified that tests revealed bulging and protruding discs in Huang's lumbar spine area. Mitzelfelt testified Huang's injuries were consistent with the fall as Huang described it in the patient history given to him.[5] He prescribed medications, physical therapy, ultrasound treatment, hot packs and the like. When this course of treatment did not produce satisfactory results, Mitzelfelt sent Huang to an organization called Pain Net for epidural injections and sympathetic blocks, and eventually recommended surgery. Prior to Mitzelfelt's testimony, counsel offered Huang's medical bills and reports in evidence. The court sustained the employer's objection on grounds of lack of foundation, lack of authentication, and hearsay, telling Huang's counsel it would reconsider the ruling if Huang were later able to lay a foundation. Huang's counsel made no further motion for admission of the documents.

After trial was concluded, the court found, "[b]ased upon all the evidence and the credibility of the witnesses," that (1) Huang did not meet her burden of proof "that she was injured at Defendants' premises or in her employment by Defendants," and (2) the employer did not meet its burden of proof to establish the necessary elements of any of the claims made in the cross-complaint. Judgment was entered on November 29, 2001, and Huang then filed this appeal.

## DISCUSSION

■ Huang's principal argument is that the trial court did not properly apply the presumption of negligence required by Labor Code section 3708.

---

The employer also presented testimony and videotapes from two investigators who observed Huang in May and June 2001. One investigator, Daniel Thibodeau, observed and videotaped Huang working at a swap meet on two days in June 2001, during which Huang lifted and unloaded furniture, bent down, squatted on her haunches and moved freely without assistance. The other investigator testified Huang met with her to discuss furniture, lifted furniture items, and displayed no limp or other signs of pain. In addition, the employer presented evidence that Huang prepared an employment verification form in connection with a home purchase, signed by her brother, falsely stating she was still employed by L.A. Haute, and used Hunter's address as her daughter's residence when she enrolled her daughter in Hollywood High School. Huang interposed no objection to the admission of this evidence.

[4]Huang testified she initially consulted a doctor on April 17, 1999. Mitzelfelt began treating her on May 24, 1999, and saw her regularly until May 3, 2000, when he determined Huang was at a plateau and, if the pain became worse, she should consider surgery. She returned for further treatment in April 2001 due to constant and severe pain, and continued under treatment at the time of Mitzelfelt's testimony.

[5]Mitzelfelt's understanding was that Huang was on a ladder and her feet were eight feet off the floor when she fell. When asked about his knowledge of the cause of the injury, Mitzelfelt indicated Huang had a disc problem which could have been caused by a fall from a ladder, pushing a car, or picking up 100 pounds.

That section applies to lawsuits authorized under section 3706 against employers who fail to secure the payment of workers' compensation. Under section 3708, "it is presumed that the injury to the employee was a direct result and grew out of the negligen e of the employer, and the burden of proof is upon the employer, to rebut the presumption of negligence." Moreover, the employer may not assert various defenses, including contributory negligence and assumption of the risk.

Huang claims Labor Code section 3708 provides a presumption that the worker's injury occurred in the course of her employment, and places the burden to prove otherwise on the employer. For this proposition, Huang cites *Greitz v. Sivachenko* (1956) 143 Cal.App.2d 146 [299 P.2d 374]. While *Greitz* contains language that arguably may be read to support Huang's point, in fact *Greitz* does not reach so far. Moreover, other cases and the workers' compensation scheme itself make it clear that the worker has the burden of showing that her injury occurred in the course of her employment. In short, nothing in section 3708 removes from the plaintiff the burden to prove she was injured in the course of the business of the employer. Thus:

—On its face, Labor Code section 3708 states nothing about the burden of proof that an injury occurred in the course of employment. It merely provides that, if a worker is injured, it is presumed the injury was a direct result of the employer's negligence, and the employer must prove it was not negligent. Thus, section 3708 does not purport to remove the plaintiff's ordinary burden to establish that an industrial injury occurred.

—Even in an ordinary workers' compensation case, an applicant for workers' compensation benefits bears the burden of proving her or his injury occurred in the course of his employment. (See *Garza v. Workmen's Comp. App. Bd.* (1970) 3 Cal.3d 312, 317 [90 Cal.Rptr. 355, 475 P.2d 451] ["[a]lthough the employee bears the burden of proving that his injury was sustained in the course of his employment, the established legislative policy is that the Workmen's Compensation Act must be liberally construed in the employee's favor (Lab. Code, § 3202), and all reasonable doubts as to whether an injury arose out of employment are to be resolved in favor of the employee"]; *Singlaub v. Industrial Acc. Com.* (1927) 87 Cal.App. 324, 331 [262 P. 411] ["[t]he authorities are numerous which indicate that the burden of showing causal connection between the death of the employee and the work performed by him rests with the applicant for adjustment of compensation"]; 2 Borah et al., Cal. Workers' Compensation Practice (Cont.Ed.Bar 4th ed. 2002) Trial, § 18.21, p. 1185 [applicant bears burden of proof for all facts essential to show an industrial injury resulting in the need for medical treatment; to meet this burden applicant must prove each such fact by a preponderance of the evidence].)

—Other cases under Labor Code section 3708 are to a similar effect. (See, e.g., *Lee v. Cranford* (1951) 107 Cal.App.2d 677, 679 [237 P.2d 986] ["it is plain under the language of the statute that if the evidence shows plaintiff was an employee of the defendant at the time, then any injury he sustained while in the course of business of his employer must be classed as being proximately due to the negligence of the employer and that the negligence, if any, of the employee is not a defense thereto"]; *Peters v. California Building-Loan Assn.* (1931) 116 Cal.App. 143, 154 [2 P.2d 439] ["it is true that appellant may be entitled to the presumption of negligence on the part of the employer, if the evidence supports the finding of an injury received arising out of the employment"].)

—The facts in *Greitz v. Sivachenko, supra,* 143 Cal.App.2d 146, upon which Huang principally relies, do not support the proposition that a worker's injury is presumed to have occurred during his employment. In *Greitz,* the uninsured employer in a Labor Code section 3706 action appealed from a judgment entered after a jury verdict in the employee's favor. The Court of Appeal affirmed the judgment, rejecting the employer's theory at trial and on appeal that the employee "faked his injury," and that the only injury in the incident in question occurred to another person. (143 Cal.App.2d at p. 149.) Some of the court's language suggests Labor Code section 3708 placed the burden on the employer to prove that the injury to the employee did not happen. However, in *Greitz* there was no question that the incident, involving the collapse of a stairway, occurred while the worker was employed repairing the stairs.[6] The Court of Appeal concluded the employee's own testimony was sufficient to support a finding he was injured in the manner described in his testimony. (143 Cal.App.2d at p. 149.) Moreover, Greitz had already obtained an award from the Industrial Accident Commission, which found that he was an employee of Sivachenko at the time of the accident and

---

[6]According to the court, the employer contended "that the trial court erred in stating 'but it is presumed here that the employer was negligent and that proximately caused injury to plaintiff,' placing on defendant the burden of proving that the accident did not happen." (*Greitz v. Sivachenko, supra,* 143 Cal.App.2d at p. 150.) The court rejected the employer's contention, observing that the trial court was at that point explaining the Labor Code section 3708 statutory presumption, and that the trial court's instruction accurately stated the applicable law. (*Greitz,* at p. 150.) The court also rejected a claim the trial court erred in a subsequent instruction referring to the presumption, in which the trial court stated, " 'That is to say, if there were no evidence offered at all except on the fact of the accident, it would be your duty to immediately bring in a verdict for the plaintiff after finding how much his damages were, but the defendant has the right of producing evidence which may controvert or overcome the presumption. He has the burden of proof.' " The Court of Appeal found the instruction in accord with section 3708, rejecting the employer's argument, on the weight of the evidence, that the burden was on the employee to prove he was injured "as he pretended"; the court observed the statute expressly placed the burden of proof upon the employer. (*Greitz,* at p. 151.)

was injured in the accident, and the award was introduced in evidence. (*Ibid.*) At most, *Greitz* suggests that, in a case where an incident unquestionably occurred during the course of employment, under section 3708 the uninsured employer has the burden of proving the employee was not actually injured in the incident. *Greitz* cannot in any event be interpreted as eliminating the worker's burden of proving that the alleged accident or injury occurred during the employment.

In summary, the trial court did not misinterpret Labor Code section 3708 or improperly allocate the burden of proof. Huang had the burden of proving by a preponderance of the evidence that she sustained an injury during her employment. If she did so, the employer's negligence would be presumed under section 3708, and the employer would have to prove it was not negligent to avoid liability. However, the trial court found Huang did not show "that she was injured at Defendants' premises or in her employment by Defendants." We are not at liberty to interfere with that conclusion if there is any competent evidence to support it.

The question is reduced to one of witness credibility, which is entirely within the province of the trial court.[7] Huang gave her account of her injury, and testified she told Hunter about it that same day. Dr. Mitzelfelt testified Huang's injuries were consistent with the accident Huang described, but could have been caused by other kinds of trauma. On the other hand, Hunter testified that Huang did not tell him she was injured, either on the day it happened or on the following day when he fired her. He also presented evidence as to the height of the windows, which cast Huang's account of the alleged accident into considerable question. Under these circumstances, we have no basis upon which to question the trial court's assessment of the evidence. The court apparently did not believe Huang's version of events.[8] In short, the court's conclusion Huang did not meet her burden of proving she was injured during her employment necessarily means the court, as trier of fact, did not believe Huang's testimony, and instead credited the employes's evidence, from which it could be inferred Huang's story was not true.

[7]Compare *Wehr v. Workers' Comp. Appeals Bd.* (1985) 165 Cal.App.3d 188, 194-195 [211 Cal.Rptr. 321] (board's finding of no industrial causation was supported by substantial evidence; "[t]he board, as ultimate trier of fact, clearly had the power to resolve conflicts in the evidence, make its own credibility determinations, and upon reconsideration to reject the WCJ's finding of industrial causation").

[8]While Labor Code section 3202 requires workers' compensation laws to be liberally construed, "[n]othing contained in Section 3202 shall be construed as relieving a party . . . from meeting the evidentiary burden of proof by a preponderance of the evidence. 'Preponderance of the evidence' means such evidence as, when weighed with that opposed to it, has more convincing force and the greater probability of truth." (Lab. Code, § 3202.5.)

Since there was substantial evidence to support that conclusion, we are obliged to affirm the judgment in the employer's favor.[9]

## DISPOSITION

The judgment is affirmed. Hunter and L.A. Haute are to recover their costs on appeal.

Cooper, P. J., and Rubin, J., concurred.

On February 28, 2003, the opinion was modified to read as printed above.

---

[9]Huang also contends the trial court erred in refusing to admit three items of evidence: Huang's medical records showing she told her doctor in May 1999 she was injured cleaning a window at work, and her medical bills, as circumstantial evidence of her injuries, and the letter of April 17, 1999, advising L.A. Haute of Huang's workers' compensation claim (see fn. 3, *ante*). Even if any of the court's rulings were erroneous, none of them are pertinent to the court's conclusion that Huang did not prove her injury occurred during her employment. Huang's account to her doctor is duplicative of her own testimony (and the court allowed Dr. Mitzelfelt to testify to Huang's statements about the accident for the purpose of understanding the basis for his decisions and treatment); Huang's medical bills merely confirm her injury, not how or where it occurred; and Huang called no witness to authenticate the letter to L.A. Haute.